# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DALLAS TEXANS SOCCER CLUB, | § | |
| CROSSFIRE FOUNDATION, INC., | § | |
| SOCKERS FC CHICAGO, LLC | § | Civil Action No. 4:16-CV-00464 |
| | § | |
| v. | § | Judge Mazzant |
| | § | |
| MAJOR LEAGUE SOCCER PLAYERS | § | |
| UNION, CLINT DEMPSEY, DEANDRE | § | |
| YEDLIN, MICHAEL BRADLEY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion of Defendants Michael Bradley, Clint Dempsey, and Deandre Yedlin to Dismiss for Lack of Personal Jurisdiction (Dkt. #12). Having considered the pleadings, the Court finds the motion should be granted.

### BACKGROUND

Plaintiffs are three youth soccer clubs located in the United States. Each youth soccer club is associated with the United States Soccer Federation, Inc. (the "U.S. Soccer Federation"), which is a Federation Internationale de Football Association ("FIFA") national association member. FIFA national association members must adopt FIFA rules and regulations, except when compliance with a specific FIFA rule is illegal under national law.

Under FIFA rules, professional soccer clubs must pay youth soccer clubs that trained players certain fees, called training compensation and solidarity fees. When a player signs his or her first contract with a professional soccer club in a different national association, the professional soccer club must pay the youth club training compensation. When a player is transferred to a professional soccer club in a different national association, the professional soccer club acquiring the player must pay the youth club a solidarity fee. Disputes over the payment of training

compensation and solidarity fees are adjudicated by FIFA's Dispute Resolution Chamber in Zurich, Switzerland.

Plaintiffs initiated administrative proceedings before the Dispute Resolution Chamber seeking either training compensation or solidarity fees in connection with the signing or transfer of players Plaintiffs trained. Specifically, Plaintiff Dallas Texans Soccer Club (the "Dallas Texans") trained Defendant Clint Dempsey and is seeking a solidarity fee in connection with Dempsey's transfer to Major League Soccer, LLC from the Football Association of the United Kingdom. Plaintiff Crossfire Foundation Inc. ("Crossfire") trained Defendant Deandre Yedlin and is seeking a solidarity fee in connection with Yedlin's transfer to the Football Association of the United Kingdom from Major League Soccer, LLC. Plaintiff Sockers FC Chicago, LLC ("Sockers") trained Defendant Michael Bradley and is seeking a solidarity fee in connection with Bradley's transfer to Major League Soccer, LLC from the Italian Football Federation. Plaintiff Sockers also trained Eric Pothast and is seeking training compensation in connection with his signing with Angelholms FF of the Swedish Football Association.

Defendant Major League Soccer Players Union (the "Players Union") is the exclusive collective bargaining representative of all players selected to play in Major League Soccer, LLC. The Players Union is not a party to the contracts between Major League Soccer, LLC and international teams that would give rise to Plaintiffs claims for training compensation and solidarity fees. The Players Union represents fifty-nine players in Texas, including at least twenty-one players from the Dallas Texans. The Players Union has two union representatives continuously present in Texas and sends employees to meet with players in Texas. The Players Union is an unincorporated association with offices in Bethesda, Maryland.

On May 24, 2016, Plaintiffs, the Players Union, the U.S. Soccer Federation, and professional soccer leagues met in Chicago, Illinois, to discuss a training compensation and solidarity fee system for U.S. youth clubs. Plaintiffs allege that during this meeting, Bob Foose, the Executive Director of the Players Union, stated that any effort by Plaintiffs to enforce training compensation or solidarity fees would violate antitrust law. Plaintiffs also allege that a representative from Major League Soccer, LLC alerted U.S. youth club representatives that the Players Union threatened to file an antitrust lawsuit against Plaintiffs, the U.S. Soccer Federation, and others if the Dispute Resolution Chamber awarded Plaintiffs training compensation or solidarity contributions.

On July 1, 2016, Plaintiffs filed a Class Action Complaint for Declaratory Relief against the Players Union, Dempsey, Yedlin, Bradley, and all those similarly situated (Dkt. #1). Plaintiffs seek a declaration that any U.S. youth club's receipt of training compensation or solidarity fees does not violate antitrust laws. Plaintiffs also seek a declaration that the implementation of a system of training compensation and solidarity fees for player transactions within the U.S. does not violate antitrust laws.

On November 3, 2016, the Defendant Players filed the pending motion to dismiss for lack of personal jurisdiction (Dkt. #12). On December 1, 2016, Plaintiffs filed a response (Dkt. #24). The Defendant Players filed a reply on December 21, 2016 (Dkt. #35).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case

supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve factual conflicts in favor of the plaintiff. *Id.*

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016). Because the Texas long-arm statute extends as far as constitutional due process permits, a court only needs to determine whether a suit in Texas is consistent with the due process clause of the Fourteenth Amendment. *Id.* The due process clause requires that a court exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

**ANALYSIS**

*General Jurisdiction*

Plaintiffs do not dispute that the Court lacks general jurisdiction over Defendants Dempsey, Yedlin, and Bradley ("Defendant Players") (Dkt. #24 at p. 2). Defendant Players are not Texas residents and occasionally play soccer matches in Texas as part of their jobs with Major League Soccer, LLC. The Court will only determine whether it has specific jurisdiction over Defendant Players.

4

*Specific Jurisdiction*

The Defendant Players argue the Court does not have specific jurisdiction over them and move for dismissal under Rule 12(b)(2).

Specific jurisdiction exists when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. at 414 n.8. A single act by a defendant may establish specific jurisdiction if the act in the forum state is substantially related to the suit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

The Fifth Circuit follows a three-step analysis in determining whether a court has specific personal jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271. In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985). "It is rare to say the assertion of jurisdiction is unfair after minimum

contacts have been shown." *McFadin*, 587 F.3d at 760 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Plaintiffs argue that the Defendant Players purposely availed themselves of the state of Texas by allowing the Players Union to threaten antitrust litigation against Plaintiffs. Plaintiffs allege that the Players Union "on behalf of, and along with the individual Defendants" threatened to bring an antitrust suit against U.S. youth clubs (Dkt. #1 at p. 3). Plaintiffs further allege that a Major League Soccer, LLC representative stated the suit would be brought "in conjunction with the player affected by the [Dispute Resolution Chamber]" (Dkt. #1 at p. 15).

Defendant Players argue that the Court lacks specific jurisdiction over them because "the basis for plaintiffs' declaratory judgment action are alleged statements made by the Players Union's Executive Director, Bob Foose, and a representative of [Major League Soccer, LLC]." (Dkt. #12 at p. 12). Defendant Players argue these statements cannot be attributed to them because they did not give the Players Union authority to act on their behalf and the Players Union representative did not hold himself out as the Player Defendants' agent.

The Court does not need to determine whether an agency relationship existed between the Player Defendants and the Players Union. Even if the Players Union threat of litigation could be attributed to the Defendant Players, the threat of litigation does not establish specific jurisdiction over the defendant in a declaratory judgment action. *See Xtera Communs., Inc. v. TPACK A/S*, 2010 WL 4118803 (E.D. Tex. Sept. 1, 2010) (dismissing claim for declaratory relief for lack of personal jurisdiction because "demands for payment sent to Texas were the result of the unilateral action of the plaintiffs"); *Thousand Trails, Inc. v. Foxwood Hill Prop. Owners Ass'n*, 1999 WL 172322 (N.D. Tex. Mar. 22, 1999) ("the vast majority of the courts have held that the nonresident defendant's action in sending a demand letter to the plaintiff is insufficient to create personal

jurisdiction."). The Court dismissed the claims against the Players Union for this same reason. Plaintiffs concede that the Player Defendants did not purposely direct their activities toward Texas in any other way. The Court therefore lacks personal jurisdiction over the Player Defendants.

## CONCLUSION

It is therefore **ORDERED** that the Motion of Defendants Michael Bradley, Clint Dempsey, and Deandre Yedlin to Dismiss for Lack of Personal Jurisdiction (Dkt. #12) is hereby **GRANTED** and Plaintiffs' claims against Defendant Players are hereby **DISMISSED**.

**SIGNED this 29th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE